GABRIEL JACOBS ET AL.
v.
E. L. KASTHOLM ET AL.

*Partnership—Dissolution—Receiver—Settlement by Attorney—Authority to Act.*

This court holds that the solicitor of certain co-partners was duly authorized by them to act according to his best judgment, touching proceedings instituted for the dissolution of the firm of which they were members.

[Opinion filed May 29, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. WALKER & JUDD, for appellants.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellees.

*Per Curiam.* A bill for the dissolution of the partnership and for an account was filed by some of the co-partners against the others. A receiver was appointed, and assets of the firm were converted, and an examination of the books and papers of the partnership was made by the receiver and a statement in writing submitted to the parties, showing the expenses and

disbursements, and the balance remaining in the receiver's hands, and the shares of said balance, to which the parties respectively were entitled; and appellants and appellees by their solicitors agreed to an order which the court entered, reciting among other things, that the parties, "having approved the doings of the receiver as so reported, and agreed to the distribution of said balance, as shown by said report, and as below set forth, and agreed and stipulated that said receiver shall be discharged when he shall have distributed and paid said balance pursuant to his order, and that said bill of complaint shall be thereupon dismissed without costs." Subsequently, and at the same term, appellants moved the court to set aside said decree on the ground that they were not consulted by the solicitor about the matter, that the order was entered wholly without their knowledge or consent and against their wishes, and that appellee was owing to the firm upward of $1,500. The court overruled the motion, and from said order of the court appellants have appealed. The appeal brings before the court only said order denying the motion to set aside the decree.

There is a conflict of evidence on the question whether appellants gave their solicitor authority to settle the case in his discretion and upon the best terms he could get. The solicitor so swears, and says that in agreeing to the order he acted according to his best judgment and for the best interests of appellants, as he understood the matter. He swears that Richard J. Duggan was present on one occasion, when one of appellants told him to settle the case, and said Duggan swears that he heard appellant, Gabriel Jacobs, tell his solicitor to make the best disposition of the case that his judgment would suggest. It is denied by each of the appellants by affidavit, that they, or either of them, ever authorized the solicitor to settle the case. We can not say upon the evidence in the record, that the court erred in overruling the motion to set aside said order. If the solicitor was given the authority which he claims he had, the decree was binding on appellant, provided the solicitor acted according to his best judgment, and there is no evidence whatever that would lead to

the belief that in consenting to the decree he did other than what he believed to be for the best interest of those whom he represented.

On the whole record, we are inclined to the opinion that it is fairly made out that he had the authority to act as he did for appellants. The order of the court denying the motion to set aside the decree will therefore be affirmed.

*Decree affirmed.*